IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHICKASAW MARINE SERVICES, LLC,
CHARLES R. KINZELER and BILLY W. HANEY                                    PLAINTIFFS

VS.                                                      Civil Action No.:  1:23-CV-00232-C
                                                         **JURY TRIAL DEMANDED**

WILLIAM JOSEPH LADNIER,
GULFSTREAM PROPERTIES, LLC, and
GULFSTREAM INVESTMENTS, LLC                                               DEFENDANTS

–and–

GULFSTREAM PROPERTIES, LLC                                        COUNTER-PLAINTIFF

VS.

CHICKASAW MARINE SERVICES, LLC,
CHARLES R. KINZELER and BILLY W. HANEY                   COUNTER-DEFENDANTS

**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF
WILLIAM JOSEPH LADNIER, GULFSTREAM PROPERTIES, LLC,
and GULFSTREAM INVESTMENTS, LLC and
<u>COUNTERCLAIM OF GULFSTREAM PROPERTIES, LLC</u>**

COME NOW WILLIAM JOSEPH LADNIER, GULFSTREAM PROPERTIES, LLC.,

and GULFSTREAM INVESTMENTS, LLC., in the above styled and numbered cause, by and

through their attorneys of record and file this First Amended Answer, Affirmative Defenses and

Counterclaim as follows:

**ANSWER**

1.      Plaintiff CHICKASAW MARINE SERVICES, LLC ("CMS") is a limited liability
company organized and existing under the laws of the State of Alabama with its principal place
of business being situated in Mobile County, Alabama.

**RESPONSE:** The Defendants admit Paragraph 1 of the Complaint.

2.      Plaintiff CHARLES R. KINZELER ("Kinzeler") is a resident citizen of Baldwin County, Alabama, over the age of nineteen (19) years and is the Managing Member of CMS.

**RESPONSE:** The Defendants admit Paragraph 2 of the Complaint.

3.      Plaintiff BILLY W. HANEY ("Haney") is a resident citizen of Mobile County, Alabama, over the age of nineteen (19) years and is a Member of CMS.

**RESPONSE:** The Defendants admit Paragraph 3 of the Complaint.

4.      Defendant WILLIAM JOSEPH LADNIER ("Ladnier") is, upon information and belief, a resident citizen of Harrison County, Mississippi over the age of nineteen (19) years and was formerly a member of CMS.

**RESPONSE:** The Defendants admit Ladnier is a resident citizen of Harrison County, Mississippi and over the age of 19.  The remainder of Paragraph 4 is denied.

5.      Defendant GULFSTREAM PROPERTIES, LLC ("GPLLC") is a foreign limited liability company organized and existing under the laws of the State of Mississippi with its principal place of business being situated in Harrison County, Mississippi. GPLLC is registered to transact business in the State of Alabama. Ladnier is the Manager of GPLLC.

**RESPONSE:** The Defendants admit Paragraph 5 of the Complaint.

6.      Defendant GULFSTREAM INVESTMENTS, LLC ("GILLC") is a foreign limited liability company organized and existing under the laws of the State of Mississippi with its principal place of business being situated in Harrison County, Mississippi.

**RESPONSE:** The Defendants admit Paragraph 6 of the Complaint.

7.      GPLLC is the owner of those three (3) certain parcels of real property situated in Mobile County and located at 50 Viaduct Road, Chickasaw, Alabama and more particularly described on Exhibit A appended hereto which is incorporated herein by reference and made a part hereof (collectively, the "Property").

**RESPONSE:** The Defendants admit Gulfstream Properties, LLC is the owner of various

parcels of real property located in Mobile County, some of which is located at 50 Viaduct Road,

Chickasaw, Alabama.  A legal description of Gulfstream's property is attached as Exhibit A to the Plaintiffs' Complaint.

8.     GILLC is the holder of that certain Promissory Note in the original principal amount of $800,000 secured by Purchase Money Mortgage and Security Agreement encumbering the Property dated September 23, 2022 and recorded in the Office of the Judge of Probate of Mobile County, Alabama at Instrument # 2022061901 (the "Mortgage").

**RESPONSE:** The Defendants admit Gulfstream Investments, LLC holds a certain promissory note issued to it by William Ladnier and Gulfstream Properties, LLC in the amount of $800,000.00.  This note is secured by a mortgage on the property identified as Exhibit A, which is recorded in the Office of the Judge of Probate of Mobile County, Alabama.

9.     Prior to August, 2022, Kinzeler and Haney had undertaken negotiations, along with another party, Salacia Holdings, LLC, a Louisiana limited liability company, to purchase the Property, one (1) parcel of which, at the time, was owned by Warrior & Gulf Navigation, LLC, a Delaware limited liability company ("WGN"), with the other two (2) parcels at the time being owned by United States Steel Corporation, a Delaware corporation ("US Steel") for $2,100,000.00.  Salacia paid $75,000.00 as earnest money on the purchase. Sometime in or about July, 2022, Salacia Holdings, LLC withdrew from those negotiations, losing its $75,000.00 earnest money payment.

**RESPONSE:** The Defendants admit Salacia Holdings, LLC entered into a purchase agreement with Warrior & Gulf Navigation, LLC and United States Steel Corporation to purchase the property identified in the Plaintiffs' Exhibit A for $2,100,000.00.  The Defendants admit Salacia paid $75,000.00 as earnest money upon execution of that contract.  The Defendants also admit that U.S. Steel and Warrior & Gulf terminated the contract and declared the $75,000.00 earnest money to be forfeited to them.  These Defendants lack knowledge or information sufficient to admit or deny the remainder of Paragraph 9 of the Complaint and therefore deny same.

10.     Thereafter, in or about July, 2022, Kinzeler and Haney continued negotiations along with Ladnier, the new partner, to purchase the Property from WGN and US Steel.

**RESPONSE:**  The Defendants deny Paragraph 10 of the Complaint.

11.     Sometime in August, 2022, WGN and US Steel agreed with Kinzeler, Haney and Ladnier to sell the Property to them or their nominee for the same sum of $2,100,000.00 (the "Purchase Price").

**RESPONSE:**  The Defendants admit WGN and US Steel agreed with Ladnier alone to

sell the property to him or an entity controlled by him for the purchase price of $2,100,000.00.

The remainder of Paragraph 11 is denied.

12.     On or about August 8, 2022, Kinzeler, Haney and Ladnier formed CMS with the filing of the Certificate of Formation with the Secretary of State of Alabama.

**RESPONSE:**  The Defendants admit Kinzeler formed CMS in the manner required by

Alabama law in August 2022.  The remainder of Paragraph 12 is denied.

13.     At the time of formation of CMS in August, 2022, Kinzeler, Haney and Ladnier agreed that each would own one-third (⅓) interest in CMS.

**RESPONSE:**  The Defendants deny Paragraph 13 of the Complaint.

14.     In or about August, 2022, WGN and US Steel agreed to accept an earnest money deposit in the amount of $100,000.00 (the "Earnest Money") to secure the purchase of the Property, provided that the sale of the Property close on or before September 23, 2022.

**RESPONSE:**  The Defendants admit WGN and US Steel agreed to accept earnest money

from Ladnier only.  The remainder of Paragraph 14 is denied.

15.     Kinzeler, Haney and Ladnier agreed that Ladnier would contribute $50,000.00 to the amount of the Earnest Money, with Kinzeler and Haney each contributing $25,000.00, respectively.

**RESPONSE:**  The Defendants deny Paragraph 15 of the Complaint.

16.      On or about August 22, 2022, Kinzeler and Haney each tendered $25,000.00 to Ladnier in payment of Kinzeler's and Haney's $50,000.00 portion of the Earnest Money.

**RESPONSE:** The Defendants admit Kinzeler wired $50,000.00 to Ladnier on or after

August 23, 2022.  The remainder of Paragraph 16 is denied.

17.      In or about September, 2022, Kinzeler, Haney and Ladnier agreed that in order for them to close on the purchase of the Property by the September 23, 2022 deadline imposed by WGN and US Steel, Ladnier would arrange for the funding for the payment of the $2,000,000.00 balance of the Purchase Price due at closing.

**RESPONSE:** The Defendants admit Ladnier alone arranged for the funding of the

balance of the purchase price due by the September 23, 2022 deadline to close.  The remainder of

Paragraph 17 is denied.

18.      In order to raise the $2,000,000.00 balance of the Purchase Price due at closing, Ladnier, upon information and belief, received $400,000.00 from W. Cole Mavar, the Manager of GILLC ("Mavar"), financed an additional $800,000.00 with Hancock Whitney Bank and personally contributed $800,000.00.

**RESPONSE:** The Defendants admit $800,000 of the funds to pay the balance of the Purchase Price came from GILLC, while the remaining funds came from Ladnier.  The remainder of Paragraph 18 is denied.

19.      Upon information and belief, the monthly payment for the financing Ladnier arranged was approximately $23,000.00 (the "Note").

**RESPONSE:** The Defendants deny Paragraph 19 of the Complaint.

20.      Ladnier, Kinzeler, and Haney agreed that CMS would pay Ladnier $25,000.00 monthly, of which $23,000.00 would be applied against the Note.

**RESPONSE:** The Defendants deny Paragraph 20 of the Complaint.

21.      At that time, Ladnier, Kinzeler, and Haney each owned a one-third (⅓) membership interest in CMS.

**RESPONSE:** The Defendants deny Paragraph 21 of the Complaint.

22.     Prior to the closing of the purchase of the property, Ladnier, Kinzeler, and Haney agreed that the Property would be purchased in GPLLC's name and once the Note, GPLLC's investment and Kinzeler/Haney's earnest money were paid off, the Property would be owned equally between Ladnier, Kinzeler, and Haney.

**RESPONSE:** The Defendants deny Paragraph 22 of the Complaint.

23.     Prior to the closing of the sale of the Property up to the present, Kinzeler and Haney, individually and as members of CMS, expended over $250,000.00 and worked many hours improving and enhancing the value of the Property without any payment/salary.

**RESPONSE:** The Defendants lack knowledge or information sufficient to admit or deny Paragraph 23 of the Complaint and therefore deny same.

24.     On or about September 23, 2022, GPLLC purchased the Property from WGN and US Steel.

**RESPONSE:** The Defendants admit Paragraph 24 of the Complaint.

25.     At closing, GPLLC tendered the sum $1,300,000.00, which sum included the $100,000.00 Earnest Money, and financed the balance of $800,000.00 with GILLC, which financing is secured by the Mortgage.

**RESPONSE:** The Defendants admit at closing GPLLC tendered to WGN and US Steel $2.15M, which included (a) the Earnest Money and (b) $800,000 from GILLC which is secured by a Mortgage.  The remainder of Paragraph 25 is denied.

26.     At all times since the closing of the purchase of the Property, CMS has been in possession of the Property and has operated a fleet and drydock, and at all times since the formation of CMS and since the closing, CMS has worked on the Property.

**RESPONSE:** The Defendants admit CMS has unlawfully possessed and worked on the Property since its formation.   The Defendants also admit CMS has used without permission the drydock purchased by GPLLC.  The Defendants lack knowledge or information sufficient to admit or deny Paragraph 26 of the Complaint and therefore deny same.

27.     At a meeting held on January 4, 2023, Kinzeler, Haney and Ladnier agreed that the membership interests of CMS would be modified from its then-current apportionment of one-third (⅓) each to forty percent (40%) being held by Ladnier, twenty-five percent (25%) being held by Kinzeler, twenty-five percent (25%) being held by Haney and ten percent (10%) being held by Maver.

**RESPONSE:** The Defendants deny Paragraph 27 of the Complaint.

28.     It was further agreed during that January 4, 2023 meeting that Ladnier and GPLLC would transfer their respective interests in the Property to CMS and thereafter, CMS would borrow $2,100,000.00 from Hancock Whitney Bank to pay off the Purchase Price of the Property.

**RESPONSE:** The Defendants deny Paragraph 28 of the Complaint.

29.     On or about January 4, 2023, Kinzeler, Haney and Ladnier agreed that an Operating Agreement for CMS would be prepared reflecting said agreed to apportionment of the membership interests therein.

**RESPONSE:** The Defendants deny Paragraph 29 of the Complaint.

30.     On or about March 6, 2023, Ladnier informed Kinzeler and Haney that he wished to dissociate as a member of CMS.

**RESPONSE:** The Defendants admit Lanier notified Kinzeler that he wanted his name removed from CMS's Certificate of Formation.  The remainder of Paragraph 30 is denied.

31.     On or about March 28, 2023, CMS filed a Certificate of Amendment reflecting Ladnier's dissociation as a member of CMS.

**RESPONSE:** The Defendants admit Kinzeler filed Certificate of Amendment with the Alabama Secretary of State removing Ladnier as an organizer of CMS.  The remainder of Paragraph 31 is denied.

32.     On April 3, 2023, Ladnier and GPLLC, through counsel, tendered to Kinzeler and Haney a document titled "Proposed Lease Terms – Letter of Intent ('LOI')", a copy of which is annexed as Exhibit B hereto, proposing that the Property be leased by GPLLC to CMS for an initial term of five (5) years, with three (3) fine [sic] year renewal options.

**RESPONSE:** The Defendants admit Paragraph 32 of the Complaint.

33.     On or about April 25, 2023, CMS, Kinzeler and Haney, through counsel, sent a letter to Ladnier's and GPLLC's counsel, a copy of which is annexed as Exhibit C hereto, demanding that Ladnier and GPLLC convey the Property to CMS pursuant to the terms Kinzeler, Haney and Ladnier had originally agreed, but, in the spirit of compromise and settlement, offered to tender an additional amount over and above the amount of the Purchase Price and further offering to pay rent to remain in possession of the property until such time as the sale to CMS was completed.

**RESPONSE:** The Defendants admit the letter attached as Exhibit C to the Complaint

was sent to counsel for Ladnier and GPLLC.  The remainder of Paragraph 33 and the contents of

said letter are specifically denied regarding any alleged prior agreement.  Otherwise, the

Defendants would show the letter with regard to the proposed settlement offer speaks for itself.

34.     On or about May 3, 2023, Ladnier and GPLLC, through counsel, sent Kinzeler's, Haney's and CMS's counsel a letter, a copy of which is annexed as Exhibit D hereto, stating that Ladnier had no intention of conveying the Property to CMS as Ladnier had previously represented to Kinzeler and Haney.

**RESPONSE:** The Defendants admit an email was sent by counsel for Ladnier and

Gulfstream Properties on May 3, 2023, which speaks for itself.  The Defendants deny that

Ladnier made any representation that GPLLC would convey the Property to CMS.

FIRST CAUSE OF ACTION

35.     Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 – 34, above, as though fully set forth hereinbelow.

**RESPONSE:** The Defendants re-allege and incorporate by reference their responses to

the allegations set forth in Paragraphs 1-34 above.

36.     This is an action for specific performance of an agreement to convey real property in Mobile County, Alabama.

**RESPONSE:** Paragraph 36 of the Complaint does not make an assertion against the

Defendants and therefore, an answer is not required.  However, the Defendants deny the

Plaintiffs are entitled to the relief requested.

37.    Plaintiffs Kinzeler and Haney timely tendered to Defendant Ladnier the agreed
upon portion of the Earnest Money, which Earnest Money was applied towards payment of the
Purchase Price of the Property.

**RESPONSE:**  The Defendants deny Paragraph 37 of the Complaint.

38.    At all times material hereto, CMS has been in possession of the Property.

**RESPONSE:**   The Defendants admit CMS has unlawfully possessed the Property since
its formation.

39.    Plaintiffs have demanded a conveyance of the Property to CMS from Defendants
Ladnier and GPLLC.

**RESPONSE:** The Defendants admit the Plaintiffs have made several demands regarding

the property to Ladnier and Gulfstream Properties.  However, the Defendants deny the Plaintiffs

are entitled to the relief they seek.

40.    Despite accepting Plaintiffs' tender of the agreed to portion of the Earnest Money
which was applied towards payment of the Purchase Price, Defendants Ladnier and GPLLC have
refused to convey the Property to Plaintiffs as had been agreed.

**RESPONSE:** The Defendants deny Paragraph 40 of the Complaint.

41.    Plaintiffs offer to pay to Ladnier and/or GPLLC the balance of the Purchase Price
less the portion of the Earnest Money previously tendered to Ladnier by Kinzeler and Haney.

**RESPONSE:** Paragraph 41 of the Complaint does not make an assertion against the

Defendants and therefore, an answer is not required.  However, the Defendants deny the

Plaintiffs are entitled to the relief requested.

42.    Defendant GILLC is the mortgagee of the Property and is herein named as a party in interest.

WHEREFORE, the premises considered, Plaintiffs demand judgment against Defendants Ladnier and GPLLC (I) that they be required to specifically perform the agreement to convey the Property to Plaintiffs; (ii) that Plaintiffs be awarded compensatory damages suffered by Plaintiffs as a proximate result of the Defendant's breach of the agreement, as well as interest and costs.

**RESPONSE:** Paragraph 42 of the Complaint does not make an assertion against the

Defendants and therefore, an answer is not required.  However, the Defendants deny Gulfstream

Investments is a necessary party to this case.  The Defendants also deny the Plaintiffs are entitled

to the relief requested in the unnumbered Paragraph beginning "WHEREFORE" after Paragraph

42.

SECOND CAUSE OF ACTION

43.    Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 – 42, above, as though fully set forth hereinbelow.

**RESPONSE:** The Defendants re-allege and incorporate by reference their responses to

the allegations set forth in Paragraphs 1-42 above.

44.    In or about August, 2022, Ladnier represented to Kinzeler and Haney that in order to effect the close on the purchase of the Property by the September 23, 2022 deadline imposed by WGN and US Steel, (I) Ladnier would contribute $50,000.00 to the amount of the Earnest Money, if Kinzeler and Haney would each contribute $25,000.00, respectively; and (ii) that Ladnier would arrange for the funding for the payment of the balance of the Purchase Price due at closing.

**RESPONSE:** The Defendants deny Paragraph 44 of the Complaint.

45.    Ladnier likewise represented to CMS, Kinzeler and Haney that Ladnier and GPLLC would transfer their respective interests in the Property to CMS and thereafter, CMS would borrow $2,100,000.00 from Hancock Whitney Bank to pay off the Purchase Price of the Property.

**RESPONSE:** The Defendants deny Paragraph 45 of the Complaint.

46.    The representations made by Ladnier were false, and Ladnier knew at the time of making such representations that they were false inasmuch as Ladnier never intended to convey the Property to CMS.

**RESPONSE:** The Defendants deny Paragraph 46 of the Complaint to the extent the

Plaintiffs allege Ladnier made the above representations to the Plaintiffs which were false, or

intended to convey the Property to anyone other than Gulfstream Properties.

47.    The aforesaid representations by Ladnier were made maliciously with the intention that Kinzeler and Haney would rely upon them.

**RESPONSE:** The Defendants deny Paragraph 47 of the Complaint.

48.    Kinzeler and Haney believed the aforesaid representations of Ladnier to be true, and in reliance on said representations, Kinzeler and Haney each tendered $25,000.00 to Ladnier in payment of Kinzeler's and Haney's $50,000.00 portion of the Earnest Money and worked many hours and expended large sums of money for the benefit and enhancement of the Property.

WHEREFORE, the premises considered, Plaintiffs demand judgment against Ladnier for compensatory damages suffered by Plaintiffs as a proximate result of the Ladnier's false misrepresentations, enhancement, equitable damages, as well as punitive damages, interest and costs.

**RESPONSE:** The Defendants deny Paragraph 48 of the Complaint. The Defendants

also deny the Plaintiffs are entitled to the relief requested in the unnumbered Paragraph

beginning "WHEREFORE" after Paragraph 48.

THIRD CAUSE OF ACTION

49.    Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 48, above, as though fully set forth hereinbelow.

**RESPONSE:** The Defendants re-allege and incorporate by reference their responses to

the allegations set forth in Paragraphs 1-48 above.

50.    Plaintiffs allege that Defendants were unjustly enriched and further pledge the Doctrine of Promissory Estoppel, which is applicable to the facts of this case, and any other "derivative" equitable claims as a result of the breach of the agreement by Plaintiffs, including the intent not to honor the agreement between the parties.

**RESPONSE:** The Defendants deny Paragraph 50 of the Complaint.

51.    Defendants fraudulently induced Plaintiffs to utilize their efforts, experience, and monetary support to enhance the value of the Property with no intent to follow through with what was agreed to between the parties.

WHEREFORE, the premises considered, Plaintiffs demand judgment against Ladnier for compensatory damages suffered by Plaintiffs as a proximate result of the Ladnier's false misrepresentations, enhancement, equitable damages, as well as punitive damages, interest and costs.

**RESPONSE:** The Defendants deny Paragraph 51 of the Complaint. The Defendants also deny the Plaintiffs are entitled to the relief requested in the unnumbered Paragraph beginning "WHEREFORE" after Paragraph 51.

## AFFIRMATIVE DEFENSES

AND NOW having answered the Complaint, the Defendants assert the following affirmative defenses:

1.    The Plaintiffs fail to state a claim upon which relief may be granted.

2.    The Plaintiffs' claims are barred by the applicable statute of frauds.

3.    The Plaintiffs' claims are barred by the doctrine of estoppel, including but not limited to, collateral estoppel and equitable estoppel.

4.    The Plaintiffs' claims fail due to a failure of consideration.

5.    The Plaintiffs have breached a material term of any valid agreement between them and any Defendant.

6.    The Plaintiffs' claims are barred since they come into Court with unclean hands.

7.      The Defendants reserve the right to assert any other affirmative defenses as may become known as discovery proceeds in this case.

## COUNTERCLAIM

COMES NOW the separate Defendant, GULFSTREAM PROPERTIES, LLC, in the above styled and numbered cause, by and through its attorneys of record, and files this Counterclaim against CHICKASAW MARINE SERVICES, LLC, CHARLES R. KINZELER and BILLY W. HANEY as follows:

1.      The Counter-Plaintiff, Gulfstream Properties, LLC ("Gulfstream"), is a limited liability company, the members of which are all resident citizens of Mississippi.

2.      The Counter-Defendant, Chickasaw Marine Services LLC ("CMS") is a limited liability company, the members of which are all resident citizens of Alabama.

3.      The Counter-Defendant, Charles R. Kinzeler ("Kinzeler"), based upon information and belief, is a resident citizen of Baldwin County, Alabama

4.      The Counter-Defendant, Billy W. Haney ("Haney"), based upon information and belief, is a resident citizen of Mobile County, Alabama.

5.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332, since there is complete diversity between the parties, and the amount in controversy exceeds $75,000 (exclusive of interest and costs).  Alternatively, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over these Defendants since they are all residents of Alabama, and specifically, the Southern District of Alabama.

7.      Venue is proper with this Court pursuant to 28 U.S.C. § 1391.

8.      In June 2022, Gulfstream purchased a 150 x 50 x 6 foot drydock ("Drydock") for use at the property located at 50 Viaduct Road, Chickasaw, Alabama which is the real property at issue in this case ("Property").

9.      After acquiring the Drydock, Gulfstream caused it to be transported to the Property for use in repairing, maintaining and servicing a variety of vessels and other water craft.

10.     Since its purchase by Gulfstream, the Drydock has been used exclusively by the Counter-Defendants without Gulfstream's permission, nor with any compensation to Gulfstream other than a single payment of $50,000 in August 2022.

11.     Also other personal property belonging to, or in the custody of, Gulfstream located at the Property has been used by the Counter-Defendants without Gulfstream's permission, or any compensation to Gulfstream.

12.     The Counter-Defendants have converted the Drydock and other personal property for use by them and possibly others, resulting in damages to Gulfstream.  In the alternative, Counter-Defendants have been unjustly enriched from their exclusive use of the Drydock and other personal property, resulting in damages to Gulfstream.

13.     Gulfstream purchased the Property on September 23, 2023. (Exhibits A & B).

14.     The Counter-Defendants have been in exclusive possession of the Property without Gulfstream's permission, which the Counter-Defendants have used for a variety of for-profit activities.

15.     Despite their exclusive possession and use of the Property to engage in for-profit activities, the Counter-Defendants have failed to pay Gulfstream any compensation for their use of the Property.  Also the Counter-Plaintiffs have used utilities available at the Property, which have been charged to Gulfstream.

16.    The Counter-Defendants have trespassed on the Property, thereby resulting in damages to Gulfstream.  In the alternative, and as with the Drydock, the Counter-Defendants have converted the Property to their exclusive use, again causing damages to Gulfstream.  Also in the alternative, as again as with the Drydock, Counter-Defendants have been unjustly enriched from their exclusive use of the Property, resulting in damages to Gulfstream.

17.    Contemporaneous with the filing of this action in Circuit Court on May 25, 2023, the Counter-Defendants filed a *lis pendens* with the Probate Court for Mobile County, Alabama. (Exhibit C).

18.    The filing of said *lis pendens*, combined with representations by the Counter-Defendants and their agents to third-parties, rise to the level of a slander by the Counter-Defendants of Gulfstream's title to the Property per statute (Ala. Code § 6-5-211) and at common law.

19.    Based on the above facts, Gulfstream would show it is entitled to compensatory, consequential, incidental, and/or punitive damages from the Counter-Defendants arising from their possession and use of the Drydock and the Property, as well as their slander of Gulfstream's title to the Property.  Gulfstream also requests the Court order the Counter-Defendants to cancel their *lis pendens.*

20.    Finally, and to the extent allowed by law, Gulfstream requests this Court award it attorney fees incurred in this matter, as well as pre-judgment and post-judgment interest.

WHEREFORE, PREMISES CONSIDERED, the Defendants request this Court enter a judgment in their favor dismissing the Plaintiffs' claims with prejudice, and awarding them all attorney fees and other costs to the extent allowed under applicable law.

The Counter-Plaintiff, Gulfstream Properties, LLC, requests this Court grant it the relief requested, and enter a judgment in its favor against the Counter-Defendants, Chickasaw Marine Services, LLC, Charles R. Kinzeler and Billy W. Haney for damages they have caused.

The Defendants/Counter-Plaintiff also request any and all other relief to which any of them may be entitled at law or equity.

Respectfully submitted this the 23rd day of October 2023.

> WILLIAM JOSEPH LADNIER,
> GULFSTREAM PROPERTIES, LLC, and
> GULFSTREAM INVESTMENTS, LLC
>
>
> BY:    /s/Stephen W. Burrow
>        (Ala. Bar No. 6247B28S)
>        Heidelberg, Steinberger,
>        Burrow & Armer, P.A.
>        711 Delmas Avenue
>        Pascagoula, MS  39568-1407
>        Phone: 228.762.8021 • Fax:   228.762.7589
>        Email: sburrow@hs-lawfirm.com

## CERTIFICATE OF SERVICE

I, Stephen W. Burrow, certify that I have this day electronically filed this First Amended Answer, Affirmative Defenses and Counterclaims with the Court using the ECF system which served it upon counsel of record.

So certified, this the 23rd day of October 2023.

> /s/Stephen W. Burrow