IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHICKASAW MARINE SERVICES, LLC, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIV. ACT. NO. 1:23-cv-232-TFM-C<br>) |
| WILLIAM JOSEPH LADNIER, *et al.*, | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's *Motion for Leave to File Supplemental Complaint* (Doc. 104, filed 3/19/24). Defendants filed their response in opposition (Doc. 106) and Plaintiffs filed their reply (Doc. 107). For the reasons discussed below, the motion is **GRANTED**.

Fed. R. Civ. P. 15(a) provides that a plaintiff may amend his complaint after the defendant has filed an answer either by leave of court or by written consent of the opposing parties. Here, Defendants oppose Plaintiff's motion to amend his complaint. Thus, the Court must consider whether it should grant Plaintiff leave to amend.

> The decision whether to grant leave to amend a complaint is within the sole discretion of the district court. Rule 15(a), however, limits the court's discretion by mandating that "leave shall be freely given when justice so requires." *See Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441 (11th Cir. 1985). There must be a substantial reason to deny a motion to amend. *Id.* Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

*Laurie v. Ala. Ct. of Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001). Rule 15(d) of the Federal Rules of Civil Procedure provides as follows:

> Supplemental Pleadings. On motion and reasonable notice, the court may, on just

>terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

"As written, Rule 15(d) contains no standards at all to guide the district court's analysis; it merely authorizes the district court to permit service of a supplemental pleading 'on just terms.' In an effort to fill this vacuum and in keeping with the overarching flexibility of Rule 15, courts customarily have treated requests to supplement under Rule 15(d) liberally." *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015), *cert. denied*, 579 U.S. 938 (2016); *see also Walker v. UPS*, 240 F.3d 1268, 1278 (10th Cir. 2001) ("Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events."). The Rule "is intended to give the court broad discretion in allowing a supplemental pleading." Fed. R. Civ. P. 15(d) advisory committee's note to 1963 amendment.

However, the Court must still exercise its discretion in granting the motion. There are a number of reasons courts have denied a request to supplement. "[I]t is implicit in the logic of Rule 15(d) that a motion to supplement may be denied where the referenced events occurred before the filing of the original complaint." *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874-75 (9th Cir. 2010). Next, courts have withheld leave to supplement when the request would unduly delay the resolution of the case. *See, e.g., Gadbois*, 809 F.3d at 7; *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006); *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1229 (11th Cir. 2008); *Weeks v. N.Y. State (Div. of Parole)*, 273 F.3d 76, 88 (2d Cir. 2001); *Twin Disc, Inc. v. Big Bud Tractor, Inc.*, 772 F.2d 1329, 1338 (7th Cir. 1985).

> Idiosyncratic factors — say, the futility of supplementation, *see Haggard v. Bank of the Ozarks, Inc.*, 668 F.3d 196, 202 (5th Cir. 2012) (per curiam); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 65 (2d Cir. 2004), prejudice to the opposing party, *see Walker*, 240 F.3d at 1278-79, and unreasonable delay in attempting to supplement, *see Glatt* [*v. Chicago Park Dist.,* 87 F.3d 190, 194 (7th Cir. 1996)]— may suffice to ground a denial of a Rule 15(d) motion. Everything depends on context.

*Gadbois*, 809 F.3d at 7.  Therefore, the standards that govern Rule 15(d) are essentially the same as those under Rule 15(a).  However, at its core, Rule 15:

> is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted.  So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them.

*New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963).

Defendant does make good points on the current scheduling order.  However, this case is not so old that modifying the scheduling order would prejudice them to the point that interest outweighs the good reasons given in the request to supplement.  If the Court were to deny the request, then the Plaintiffs would likely file a second lawsuit which would then result in two actions with related claims which the Court would necessarily consider for consolidation.  Additionally, the supplemental claims are clearly ones that arise out of the ongoing dispute between the parties.  Therefore, in the case at hand, viewing the totality of the circumstances before it, the Court determines that the core function is met by permitting supplementation under Rule 15(d).

Accordingly, Plaintiff's *Motion for Leave to File Supplemental Complaint* (Doc. 104) is **GRANTED**.  Plaintiffs shall docket the supplemental complaint no later than **April 22, 2024**.  Defendants' responsive pleading shall be due within 14 days of the supplemental complaint being docketed.

This scheduling of this matter is **REFERRED BACK** to the Magistrate Judge for the

issuance of a new scheduling order.  Additionally, as part of the conference between the parties on the further scheduling of this case, they shall discuss whether the newly filed motions for summary judgment (Docs. 111-115) should be denied with leave to refile later considering the Court's ruling on the supplemental complaint.  Briefing on the summary judgment motions shall be held **IN ABEYANCE** pending that conversation on scheduling and any conference with the Magistrate Judge on the matter.

      **DONE** and **ORDERED** this 15th day of April, 2024.

                              /s/ Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES DISTRICT JUDGE