IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHICKASAW MARINE SERVICES, LLC,
CHARLES R. KINZELER and BILLY W. HANEY                     PLAINTIFFS

VS.                                    Civil Action No.: 1:23-CV-00232-TFM-C

WILLIAM JOSEPH LADNIER,
GULFSTREAM PROPERTIES, LLC, and
GULFSTREAM INVESTMENTS, LLC                                DEFENDANTS

–and–

GULFSTREAM PROPERTIES, LLC                                 COUNTER-PLAINTIFF

VS.

CHICKASAW MARINE SERVICES, LLC,
CHARLES R. KINZELER and BILLY W. HANEY                     COUNTER-DEFENDANTS

**GULFSTREAM PROPERTIES, LLC'S MOTION TO
REQUIRE CHICKASAW MARINE SERVICES, LLC TO
DEPOSIT FUNDS INTO THE COURT REGISTRY**

COMES NOW the separate Defendant, GULFSTREAM PROPERTIES, LLC (Gulfstream), in the above styled and numbered cause, by and through its attorney of record, and files this Motion to Require CHICKASAW MARINE SERVICES, LLC (CMS) to deposit funds into the Registry of the Court, as follows:

1.     One May 17, 2023, one week before the Plaintiffs filed this action, CMS sent a check for $25,000.00 to Gulfstream. The following is written on the check in the memo line "April principle [sic] & interest for 50 Viaduct Road, Chickasaw." Since then CMS has tendered to Gulfstream an additional 15 checks, each in the amount of $25,000.00. (Exhibit A).

2. Gulfstream has declined to deposit these $25,000 checks in anticipation of CMS arguing such action by Gulfstream would acknowledge the existence of, or even ratify, an alleged oral agreement which CMS claims exists with Gulfstream regarding ownership of the real property at issue in this action. (Complaint, Doc. 1-1, PageID.10). *See also*, Partial MSJ Ex. M, Doc. 114-13, PageID.1766 (Billy Haney and Sam Kinzeler "would be willing to pay the originally agreed lease payments of $25,000 per month until the date the sale is closed.")

3. When it tendered the first three checks to Gulfstream (i.e. May, June and July 2023), CMS had insufficient funds in its account to pay them had they been deposited. Both Billy W. Haney and Sam Kinzeler confirmed CMS's lack of funds during their depositions. (Deposition of Charles R. "Sam" Kinzeler, Doc. 114-7, PageID.1284, 1371-1381, 1532-1546; Deposition of Billy W. Haney, Doc. 114-8, PageID.1547, 1601-1605). This issue is more fully discussed in Gulfstream's Motion for Partial Summary Judgment and its Reply filed in support thereof. (Doc. 115, PageID.1879-1883; Doc. 148, PageID. 2273-2274).

4. Most recently from February 2024 through August 2024, CMS again tendered checks to Gulfstream which lacked sufficient funds to pay had Gulfstream deposited them. In other words, from February 2024 forward, the face value of all the checks issued to Gulfstream exceeded the amount of funds CMS had in its Hancock bank account. (Exhibit B). In fact CMS issued the last two checks to Gulfstream in July and August 2024 (Nos. 1068 and 1085), when it did not have enough funds in its Hancock Bank account <u>to cover those individual checks</u>. (Exhibit B, pp. 20-21). On the closing date of its most recent bank statement, August 30, 2024, CMS had only $7,462.10 in this account.

5. If it prevails upon its dispositive Motion or at trial, then in its current position, Gulfstream is completely unsecured, particularly when it comes to the checks previously

tendered by Chickasaw. First, and as shown in its statements for January through August 2024, CMS' bank account has far less cash on hand than the face value of the checks previously issued to Gulfstream. To the extent these checks are argued by CMS to be reflective of its willingness and ability to pay Gulfstream pursuant to an alleged oral agreement regarding the property, they are worthless.

6. Second, Ala. Code § 7-4-404 says "[a] bank is under no obligation to a customer having a checking account to pay a check,...which is presented more than six months after its date..." In other words, if Gulfstream prevails in this action, is awarded damages, and thereafter presents the checks previously tendered by CMS, then Hancock Bank can refuse to pay those checks which are dated more than six months before presentation.

7. Gulfstream requests this Court order CMS to (a) deposit sufficient funds in its Hancock Whitney Bank account #9728, so that the attached checks can be deposited into the Court Registry, and (b) direct Hancock Whitney Bank to accept and pay those checks upon presentation for payment by the Clerk.

8. In the alternative, Gulfstream requests this Court order CMS to tender to the Clerk a cashier's check in the amount of $400,000.00 to be deposited into the registry of this Court and, thereafter, deposit checks in the amount of $25,000.00 into the registry of the Court each month beginning with September 2024 until further Order of this Court.

9. Finally Gulfstream requests that any funds held by the Clerk be deposited into a separate interest-bearing account with one or more federally insured depository institutions.

WHEREFORE, PREMISES CONSIDERED, GULFSTREAM PROPERTIES, LLC., respectfully requests this Court grant the relief requested in this Motion and any other relief to which it may be entitled at law or equity.

RESPECTFULLY SUBMITTED this the 27th day of September 2024.

                                                             GULFSTREAM PROPERTIES, LLC.

BY:   */s/Stephen W. Burrow*
        Stephen W. Burrow [Ala. Bar No. 6247B28S]
        Heidelberg, Steinberger,
        Burrow & Armer, P.A.
        711 Delmas Avenue
        Pascagoula, MS  39567
        T: 228.762.8021 • F:  228.762.7589
        Email: sburrow@hs-lawfirm.com

## CERTIFICATE OF SERVICE

I, Stephen W. Burrow, certify that I have this day electronically filed this ***Motion*** and its attached Exhibits with the Court using the ECF system which served it upon counsel of record.

So certified, this the 27th  day of September 2024.

                                          */s/Stephen W. Burrow*