IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHICKASAW MARINE SERVICES, LLC, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CIV. ACT. NO. 1:23-cv-232-TFM-C |
| WILLIAM JOSEPH LADNIER, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the *Motion for Leave to File Second Supplemental Complaint*. Doc. 168, filed October 4, 2024. Plaintiffs Chickasaw Marine Services, LLC, Charles R. Kinzeler, and Billy W. Haney ("Plaintiffs") motion the Court, pursuant to Fed. R. Civ. P. 15(d), for leave to file their Second Supplemental Complaint, which is attached to their motion, to add claims of defamation, libel, and/or slander against Defendant William Joseph Ladnier ("Ladnier"). *Id.* The Court noted Plaintiffs did not indicate whether they conferred with opposing counsel as to their instant motion then ordered Defendants to show cause why the motion should not be granted. Doc. 170. Defendants filed their response in opposition (Doc. 175) and Plaintiffs filed their reply in support (Doc. 176). In consideration of the motion, response, reply, and relevant law, the motion to amend complaint (Doc. 168) is **GRANTED**.

In support of the motion, Plaintiffs state, on September 10, 2024, they were served the First Supplemental Response of William Joseph Ladnier and Gulfstream Properties, LLC to Plaintiffs' Supplemental Interrogatories in which Defendants produced correspondence that is dated October 16, 2023, from Ladnier to officials with the United States Coast Guard. Doc. 168. In the correspondence, Plaintiffs allege Ladnier made false, libelous, and defamatory statements about

Plaintiffs that caused injury to them, which statements support the additional claim in their Second Supplemental Complaint. *Id.*

In response, Defendants argue Plaintiffs' Second Supplemental Complaint asserts a new claim for defamation that is unrelated to the core issues in this matter. Doc. 175. Defendants argue the deadlines to complete discovery and file dispositive motions have passed and this matter is set for trial in two (2) months.[1] *Id.* Defendants also argue, if Plaintiffs are allowed to file their amended pleading, the resolution of this matter will again be delayed, which is to the benefit of Plaintiffs. *Id.*

Fed. R. Civ. P. 15(a) provides that a plaintiff may amend his complaint after the defendant has filed an answer either by leave of court or by written consent of the opposing parties. Here, Defendants oppose Plaintiffs' motion to amend complaint. Thus, the Court must consider whether it should grant Plaintiffs leave to amend.

> The decision whether to grant leave to amend a complaint is within the sole discretion of the district court. Rule 15(a), however, limits the court's discretion by mandating that "leave shall be freely given when justice so requires." *See Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441 (11th Cir. 1985). There must be a substantial reason to deny a motion to amend. *Id.* Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

*Laurie v. Ala. Ct. of Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001). Fed. R. Civ. P. 15(d) of provides:

> Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the

---

[1] Since the instant motion was filed, the Court reset the trial of this matter to March 2025. *See* Doc. 179.

opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

"As written, Rule 15(d) contains no standards at all to guide the district court's analysis; it merely authorizes the district court to permit service of a supplemental pleading 'on just terms.' In an effort to fill this vacuum and in keeping with the overarching flexibility of Rule 15, courts customarily have treated requests to supplement under Rule 15(d) liberally." *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015), *cert. denied*, 579 U.S. 938 (2016); *see also Walker v. UPS*, 240 F.3d 1268, 1278 (10th Cir. 2001) ("Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events."). The Rule "is intended to give the court broad discretion in allowing a supplemental pleading." Fed. R. Civ. P. 15(d) advisory committee's note to 1963 amendment.

However, the Court must still exercise its discretion in granting the motion. There are several reasons courts have denied a request to supplement. "[I]t is implicit in the logic of Rule 15(d) that a motion to supplement may be denied where the referenced events occurred before the filing of the original complaint." *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874-75 (9th Cir. 2010). Next, courts have withheld leave to supplement when the request would unduly delay the resolution of the case. *See, e.g., Gadbois*, 809 F.3d at 7; *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006); *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1229 (11th Cir. 2008); *Weeks v. N.Y. State (Div. of Parole)*, 273 F.3d 76, 88 (2d Cir. 2001); *Twin Disc, Inc. v. Big Bud Tractor, Inc.*, 772 F.2d 1329, 1338 (7th Cir. 1985).

> Idiosyncratic factors — say, the futility of supplementation, *see Haggard v. Bank of the Ozarks, Inc.*, 668 F.3d 196, 202 (5th Cir. 2012) (per curiam); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 65 (2d Cir. 2004), prejudice to the opposing party, *see Walker*, 240 F.3d at 1278-79, and unreasonable delay in attempting to supplement,

> *see Glatt* [*v. Chicago Park Dist.,* 87 F.3d 190, 194 (7th Cir. 1996)]— may suffice to ground a denial of a Rule 15(d) motion. Everything depends on context.

*Gadbois*, 809 F.3d at 7.  Therefore, the standards that govern Fed. R. Civ. P. 15(d) are essentially the same as those under Rule 15(a).  However, at its core:

> [Fed. R. Civ. P. 15] is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted.  So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them.

*New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963).

While Defendants' concerns about the timing of Plaintiffs' motion to amend are consequential, the Court *sua sponte*, based on its trial calendar, reset the trial of this matter to March 2025, which should alleviate some of Defendants' concerns about properly preparing to defend the additional claim in Plaintiffs' amended complaint.  Additionally, based on when Plaintiffs received the discovery that forms the basis of their new defamation claim, Plaintiffs' motion to amend complaint is timely.  If the Court were to deny Plaintiffs' motion to amend complaint, then Plaintiffs would likely file a second lawsuit which would then result in two actions with related claims that the Court would necessarily consider for consolidation.  Finally, Plaintiffs' additional claim clearly arises out of the ongoing dispute between the parties.  Therefore, in the case at hand, viewing the totality of the circumstances before it, the Court determines the core function is met by permitting supplementation under Rule 15(d).

Accordingly, Plaintiffs' *Motion for Leave to File Second Supplemental Complaint* (Doc. 168) is **GRANTED**.  Plaintiffs shall docket the supplemental complaint no later than **November 15, 2024**.  Defendants' responsive pleading shall be due within 14 days of the supplemental complaint being docketed.

This scheduling of this matter is **REFERRED BACK** to the Magistrate Judge for the issuance of a new scheduling order that allows for an expedited discovery period that is limited to Plaintiffs' new claim. The Court further notes, this is the final motion for leave to file an amended complaint that it will grant in this matter, and any additional claims that may arise will need to be filed as a separate action.

**DONE** and **ORDERED** this 8th day of November 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE