**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **CHICKASAW MARINE SERVICES, LLC,** ) | |
| **CHARLES R. KINZELER, and** ) | |
| **BILLY W. HANEY,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **WILLIAM JOSEPH LADNIER,** ) | |
| **GULFSTREAM PROPERTIES, LLC, and** ) | |
| **GULFSTREAM INVESTMENTS, LLC,** ) | |
| ) | |
| **Defendants,** ) | |
| _____ ) | **CIV. ACT. NO. 1:23-cv-232-TFM-C** |
| **GULFSTREAM PROPERTIES, LLC, and** ) | |
| **GULFSTREAM INVESTMENTS, LLC,** ) | |
| ) | |
| **Counterclaim Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **CHICKASAW MARINE SERVICES, LLC,** ) | |
| ) | |
| **Counterclaim Defendant.** ) | |

**ORDER OF POSSESSION**

This matter comes before the Court following the Court's October 10, 2025 telephone

conference with counsel regarding the terms of ejectment in conformity with the jury's verdict that

was rendered on October 6, 2025, in favor of Gulfstream Properties, LLC, and against Chickasaw

Marine Services, LLC, for ejectment from the real property at issue, which is located at 50 Viaduct

Road, Chickasaw, Mobile County, Alabama, and more particularly described in Exhibits A and B

to this Order, both of which are recorded with the Mobile County Probate Court as Instrument

Nos. 2022061899 and 2022061900 (collectively, "the Real Property").  During the trial of this

matter, the Court amended the pleadings to conform to the evidence, thereby, *inter alia*, adding Gulfstream Investments, LLC, as a Counter-Plaintiff.    References below to "Gulfstream Properties, LLC" are intended to include Gulfstream Investments, LLC.

Based on the jury's verdict and pursuant to applicable law, the Court makes the following findings:

1. On October 3, 2025, the jury in this Court rendered a unanimous verdict determining that no oral contract regarding the Real Property existed between Chickasaw Marine Services, LLC and Gulfstream Properties, LLC.

2. On October 6, 2025, the jury in this Court rendered a unanimous verdict determining Chickasaw Marine Services, LLC wrongfully possessed the Real Property beginning on June 21, 2023.

Based on the foregoing, it is therefore **ORDERED**:

1. Gulfstream Properties, LLC, is entitled to exclusive possession of the Real Property described in Exhibits A and B hereto, and located at 50 Viaduct Road, Chickasaw Alabama.

2. Chickasaw Marine Properties, LLC, and all individuals and legal entities in privity with it, are directed to vacate the Real Property and surrender possession to Gulfstream Properties, LLC, **on or before noon (12:00 PM) Central Daylight Time on Friday, October 17, 2025**.

3. The United States Marshal for the Southern District of Alabama is authorized and directed to take all necessary actions to enforce this Order, including but not limited to removing any persons or entities unlawfully occupying the Real Property and restoring exclusive possession to Gulfstream Properties, LLC.

4.      Chickasaw Marine Properties, LLC, and all individuals and legal entities in privity with them, (a) are prohibited from interfering with Gulfstream Properties, LLCs possession of the Real Property, and (b) shall not cause any destruction, damage or waste to the Real Property or any improvements thereupon.

5.      Any personal property remaining on the Real Property **after noon (12:00 PM) Central Daylight Time on Friday, October 17, 2025**, shall be deemed abandoned and may be disposed of by Gulfstream Properties, LLC, in accordance with applicable law.

6.      The Court Clerk is authorized to issue any writs or other process necessary to enforce this Order.

7.      The Court retains jurisdiction to enforce and, if necessary, modify this Order.

**DONE** and **ORDERED** this 15th day of October 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

Inst. # 2022061899 Pages: 1 of 13  I certify this instrument filed on:  9/23/2022 2:29 PM
Doc: D Don Davi̇s̱a̱m̱e̱g̱ḻ:̱ã̱3̱P̱ö̱ḇã̱0̱2̱8̱ı̱ḇi̱ṞM̱m̱,̱ A̱ḺC̱Ṟ#̱:̱2̱6̱1̱.50 Fïled̄ 1̄0̄/1̄5̄/2̄0̄50  M̄P̄a̱g̱e̱s̱4̱o̱f̱ 23    PageID#
Clerk: KROBINSON ERecorded                                                                                        3010

<u>Upon recording return this instrument to</u>:

Gulfstream Properties LLC
c/o William J. Ladnier
5720 Gulf Stream Road
Biloxi, MS  39532

<u>This instrument was prepared by</u>:

Christina M. Hinton
Counsel-Real Estate
United States Steel Corporation
Law Department
600 Grant Street, Room 1500
Pittsburgh, PA 15219

<u>Mail tax notice to</u>:

Gulfstream Properties LLC
c/o William J. Ladnier
5720 Gulf Stream Road
Biloxi, MS  39532

**STATE OF ALABAMA**    )
                        :
**COUNTY OF MOBILE**    )

## STATUTORY WARRANTY DEED

**KNOW ALL MEN BY THESE PRESENTS** that, effective as of May 12, 2022, for and in consideration of One Hundred Dollars ($100) in hand paid by **GULFSTREAM PROPERTIES LLC**, a Mississippi limited liability company (hereinafter referred to as "Grantee"), to the undersigned, **UNITED STATES STEEL CORPORATION**, a Delaware corporation (hereinafter referred to as "Grantor"), the receipt of which is hereby acknowledged, Grantor does by these presents grant, bargain, sell, and convey unto Grantee the following described land (the "<u>Property</u>") subject to the conditions and limitations contained herein, situated in Mobile County, Alabama, said Property being more particularly described on **EXHIBIT A** attached hereto and made a part hereof.

The Property is conveyed subject to the following (collectively, the "<u>Permitted Encumbrances</u>"):

1. Real estate ad valorem taxes due and payable October 1, 2022, and subsequent years and any other taxes, charges, or assessments of the levying jurisdictions.

2. Any applicable zoning ordinances and subdivision regulations, or other ordinances, laws, and regulations.

3. All easements, restrictions, reservations, rights-of-way and other matters of public record affecting any portion of the Property.

4. This conveyance is made upon the covenant and condition that no right of action for damages on account of injuries to the Property herein conveyed or to any buildings, improvements, structures, pipelines, or other sources of water supply now or hereafter located upon the Property, or to any owners or occupants or other persons in or upon the Property, resulting from sinkholes or other defects of the surface or subsurface of any nature affecting the Property or

4895-9623-1216.1

resulting from past mining and/or gas or oil producing operations of Grantor, or its successors, assigns, licensees, lessees, or contractors, or resulting from past blasting, past dewatering, or the past removal of coal, iron ore, gas, oil, coal bed methane gas and all other minerals or coal seam or other roof supports by Grantor, or its successors, assigns, licensees, lessees, or contractors, whether said mining and/or gas or oil producing operations be in the Property or other lands, shall ever accrue to or be asserted by Grantee herein or by Grantee's successors in title, this conveyance being made expressly subject to all such past or future injuries related to such past mining operations and this condition shall constitute a covenant running with the Property as against Grantee and all successors in title.

5.  The Property is conveyed to Grantee upon the covenant and condition that the Property shall not be used for any residential purpose whatsoever, whether single-family, multi-family residential or otherwise. The restriction in this section shall be a covenant running with the land for the benefit of Grantor.

6.  All of those matters described in **EXHIBIT B** attached hereto and made a part hereof.

As a condition of the conveyance hereunder, Grantee acknowledges that the physical and Environmental condition of the Property conveyed hereunder has been inspected by Grantee or its duly authorized agent and that the Property is purchased by Grantee as a result of such inspection and not upon any agreement, representation, or warranty made by Grantor. Grantee accepts the physical and environmental condition of the Property **"AS IS, WHERE IS, WITH ALL FAULTS"** and hereby releases Grantor from any liability of any nature arising from or in connection with the physical or environmental condition of the Property. This condition shall constitute a covenant running with the land as against Grantee and all successors in title.

No private right of action shall accrue with respect to the physical or environmental condition of the Property to any subsequent owner of the Property, whether by foreclosure or otherwise, due solely to the taking of title to the Property and, by taking such title, any such subsequent owner of the Property does thereby waive any and all right or claim against Grantor, Grantee, and their respective successors and assigns or any of them, for any costs, loss, damage, liability or expense such subsequent owner of the Property or its successors and assigns may incur as a result of the physical or environmental condition of the Property or the need or desirability to do any removal, corrective, or remediation work including, but not limited to, in connection with hazardous materials or waste pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, the Resources Conservation and Recovery Act, as amended, and all regulations thereunder or any similar laws or regulations enacted by the United States of America or the State of Alabama, or any agency or instrumentality of either.

**TO HAVE AND TO HOLD** unto Grantee and to Grantee's successors and assigns, forever, subject, however, to the Permitted Encumbrances.

*[Remainder of Page Left Intentionally Blank]*

2

**Exhibit A to Order of Possession**

**IN WITNESS WHEREOF**, Grantor has caused these presents to be executed in its name and behalf and its seal to be hereunto affixed and attested by its duly authorized officers or representatives on this, the 23rd day of September, 2022.

**GRANTOR:**

**UNITED STATES STEEL CORPORATION**

By: _____

Name: Jammie P Cowden
Director --Real Estate

STATE OF ALABAMA          )
                                                 :
COUNTY OF JEFFERSON   )

I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that Jammie P Cowden, whose name as Director --Real Estate, of United States Steel Corporation, a Delaware corporation, is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that being informed of the contents of said instrument, he, in such capacity and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and seal of office this, the 22 day of September, 2022.

Notary Public
My Commission Expires: 7/30/13

4895-9623-1216.1

**Exhibit A to Order of Possession**

## EXHIBIT A

### Legal Description

LEGAL DESCRIPTION
UNITED STATES STEEL CORPORATION
CHICKASAW, ALABAMA

Tract of land situated in the W½ of NW¼ of Section 26, the N½ of NE¼ and the SE¼ of NE¼ of Section 27, and the SW¼ of SE¼ of Section 22, all being in Township 3 South, Range 1 West of the St. Stephens Meridian, Mobile County, Alabama and being more particularly described as follows:

### PARCEL  B

Commence at the NE corner of Section 27, Township 3 South, Range 1 West and run Westerly along the North line of said Section 27, 100.0 feet, thence left 90° 00' 00" and run Southerly 579.75 feet to the **POINT OF BEGINNING** of the herein described tract of land: thence left 90° 00' 00" and run Easterly 1,006.83 feet to the NW corner of a tract of land conveyed by USX Corporation to Buchanan Lumber Mobile, Inc by document dated August 20, 1998, thence right 90° 00' 00" and run  Southerly along the West property line of said Buchanan tract, 280.0 feet to the SW corner of said Buchanan tract, said point also being on the North property line of a tract of land conveyed by Warrior & Gulf Navigation Co. to Blue Creek Coal Sales, Inc. by deed dated December 21, 2010, thence right 90° 00' 00" and run Westerly along the North property line of said Blue Creek tract, 199.4 feet to the NW corner of said Blue Creek tract, thence left 90° 00' 00" and run Southerly along the West property line of said Blue Creek Tract, 821.5 feet, more or less, to a point on the North property line of a tract of land conveyed by United States Steel Corporation to the City of Chickasaw, Alabama by Quitclaim dated September 14, 2010, and corrected by Quitclaim dated December 13, 2010,  said North property line also being the North bank of a drainage canal, thence right and run in a Northwesterly direction along the North line of said City of Chickasaw Property line 2,760.0 feet, more or less, to a point on the East property line of a tract of land conveyed by United States Steel Corporation to Diamond Alkali Company (DAC) by deed dated June 29, 1962, thence right and run Northerly along the East property line of said DAC tract, 540.08 feet, more or less, to an East corner of said DAC tract, thence left 90° 00' 00" and run Westerly along the North property line of said DAC tract, 440.0 feet, thence right 90° 00' 00" and run Northerly along the East property line of said DAC tract, 540.08 feet ,more or less, to the South boundary of a public road (Viaduct Rod) thence right 90' 00' 00" and run Easterly 197.85 feet along said South boundary; thence right 90° 00' 00" and run Southerly 440.08 feet, more or less; thence left 90° 00' 00" and run Easterly 910.0 feet, thence right 90° 00' 00" and run Southerly 221.17 feet, thence left 90° 00' 00" and run Easterly 1,190.0 feet more or less to the **POINT OF BEGINNING**.

**LESS AND EXCEPT** any portion of the described property lying within or North of the South right-of-way boundary of Viaduct Road.

**LESS AND EXCEPT** the following described property conveyed by United States Steel Corporation, a Delaware corporation, successor (by conversion) to United States Steel LLC and remote successor to USX Corporation, to the City of Chickasaw, Alabama a municipal corporation, by deed dated September 14, 2010 and recorded in (RPBK 6701, PG 1358) as corrected by deed dated December 13, 2010 and recorded in (RPBK 6735, PG 1147).

4

**Exhibit A to Order of Possession**

Tract of land situated in the N½ of the NE¼ of Section 27 and the NW¼ of NW¼ of Section 26, all being in Township 3 South, Range 1 West of the St. Stephens Meridian, Mobile County, Alabama and being more particularly described follows:

Commence at the NE corner of Section 27, Township 3 South, Range 1 West; thence run North 89°27'55" West a distance of 100.0 feet; thence run S00°32'05"W a distance of 579.75 feet to the North property line of USSC , and the **POINT OF BEGINNING** of the following described parcel; thence run S89°22'59"E and along said North property line a distance of 896.83 feet to the NW corner of the property of Buchanan Lumber (RPBK 6447, PG103); thence run S00°40'03"W and along the West property line of said Buchanan Lumber a distance of 70.0 feet; thence run N87°44'24"W a distance of 1,046.40 feet; thence run N89°22'59"W a distance of 855.70 feet to the PC of a curve to the right having a central angle of 24°13'26" and a radius of 454.29 feet, a chord bearing of N77°16'16"W and a chord length of 190.64 feet; thence run Westerly and along the arc of said curve a distance of 192.07 feet to the North property line of US Steel Corporation; thence run S89°22'59"E and along said North property line a distance of 1191.29 feet to the **POINT OF BEGINNING.**

**LESS AND EXCEPT** the following the following described property conveyed by United States Steel Corp, a Delaware Corp, successor (by conversion) to United States Steel LLC and remote successor to USX Corporation to the City of Chickasaw, Alabama, a municipal corporation, by deed dated September 14, 2010 and recorded in (RPBK  6701, PG 1358), as corrected deed dated December 13, 2010 and recorded in (RPBK6735, PG1147).

Tract of land situated in the NW½ of NE¼ of Section 27, Township 3 South, Range 1 West of the Saint Stephens Meridian, Mobile County, Alabama and being more particularly described as follows:

Commence at the NE corner of Section 27,Township 3 South, Range 1 West ; thence run N89°27'55"W a distance of 100.0 feet: thence run S00°32'05"W a distance of 579.75 feet to the North property line of U S Steel Corp; thence run N89°22'59"W and along said North property line a distance of 1,288.43 feet to the SW corner of  property of Alabama Power Co(APCO); thence run N00°00'00"W and along the West line of said property of APCO a distance of 59.87 feet to the **POINT OF BEGINNING** of the following described parcel; thence continue N00°00'00"W a distance of 50.08 feet to the South line of a public road (Viaduct Road) a 40 feet prescriptive right-of-way (RPBK4200, PG1614) and the Southeast property line of APCO; thence run S49°28'09"W and along said Southeast property line a distance of 37.70 feet; thence run Southeasterly and along the arc of a curve to the left having a central angle of 04° 50'45" and a radius of 454.29 feet, a chord bearing of S48°14'12"E, a chord length of 38.41 feet a distance of 38.42 feet to the **POINT OF BEGINNING.**

**LESS AND EXCEPT** the following the following described property conveyed by United States Steel Corp, a Delaware Corp, successor (by conversion) to United States Steel LLC and remote successor to USX Corporation to the City of Chickasaw, Alabama, a municipal corporation, by deed dated September 14, 2010 and recorded in (RPBK  6701, PG 1358), as corrected deed dated December 13, 2010 and recorded in (RPBK6735, PG1147).

Tract of land situated in the NW ½ of the NE ¼ of Section 27, Township 3 South, Range 1 West, of the Saint Stephens Meridian, Mobile County, Alabama, and being more particularly describes as follows:

Commence at the NE corner of Section 27, Township 3 South, Range 1 West and run N89°27'55"W a distance of 100.00 feet; thence run S00°32'05"W a distance of 579.75 feet to the North property line of property of U S Steel Corp; thence run N89°22'59"W and along said North property line a distance of 1,288.43 feet to the SW corner of property of Alabama Power Co; thence run  N00°00'00"W and along

5

4895-9623-1216.1

the West line of said APCO a distance of 109.95 feet to the South right-of-way line of a public road (Viaduct Road), a 40 feet prescriptive right-of-way (RPBK 4200, PG 1614); thence run Northwesterly along said South line and along the arc of said curve to the right having a central angle of 08°28'29" and a radius of 490.61 feet, a chord bearing of N43°44'21"W and a chord length of 72.50 feet and a distance of 72.57 feet to the PT of said curve; thence run N39°16'46"W and along said South line a distance of 27.62 feet to the **POINT OF BEGINNING** of the following described parcel; thence continue N39°16'46"W an along said South line a distance of 47.75 feet to the North property line of US Steel Corp; thence run North 89°22'48" W and along said North property line a distance of 45.62 feet; thence run S39°16'46"E a distance of 77.77 feet to the Northwest property line of property of Alabama Power Co; thence run N49°28'09"E and along said Northwest property line a distance of 35.01 feet to the **POINT OF BEGINNING**.

4895-9623-1216.1

**Exhibit A to Order of Possession**

LEGAL DESCRIPTION
UNITED STATES STEEL CORPORATION
CHICKASAW, ALABAMA

Tract of land situated in the NE¼ of Section 22, and the SE¼ of SE¼ of Section 15, all being in Township 3 South, Range 1 West of the St. Stephens Meridian, Mobile County, Alabama and being more particularly described as follows:

**PARCEL C**

Commence at the SE corner of Section 22, Township 3 South, Range 1 West and run Westerly along the South line of said Section 22, 2060.0 feet, thence right 90° 00'00" and run Northerly 3,117.75 feet to the **POINT OF BEGINNING** of the herein described tract of land, said point also being the Northwest corner of a tract of land conveyed by Tennessee Land Company to Gulf Shipbuilding Corporation (GSC)by deed dated March 21, 1941; thence continue along the last described course in a Northerly direction, 1180.0 feet, more or less, to a point on the South bank of the Chickasaw Creek, thence meandering in a Northeasterly, Easterly and Southerly direction along the bank of said Chickasaw Creek, 3840.0 feet ,more or less, to the Northeast corner of said GSC tract; thence right and run in a Westerly direction along the North property line of said GSC tract 1,965 feet, more or less, to the **POINT OF BEGINNING**.

**PARCEL C** containing 82.8 acres, more or less.

7

**Exhibit A to Order of Possession**

## EXHIBIT B

### Additional Permitted Encumbrances

NOTE: All references to documents or instruments recorded in a Deed Book or Real Property Book are references to the Deed Book and/or Real Property Books in the Office of the Judge of Probate of Mobile County, Alabama. All references to instruments recorded in C&A or B are references to the internal records of Grantor.

1. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting title that would be disclosed by a current accurate and complete survey or inspection of the Property, including but not limited to, liens, encumbrances, easements, claims of easements, rights-of-way, rights of access of others, utility lines, boundary line disputes, overlaps, gaps, gores, encroachments, public or private roads, highways, cemeteries, improvements, structures, and/or railroads. The term "encroachment" includes encroachments of existing improvements located on the Property onto adjoining land, and encroachments onto the Property of existing improvements located on adjoining land.

2. Any prior reservation or conveyance, together with release of damages, of minerals of every kind and character, including, but not limited to oil, gas, sand, limestone, and gravel in, on, and under the Property.

3. Any portion of subject property lying within the right of way of any public road, railroad, or utility. (Parcels B & C).

4. Terms, conditions, provisions, and restrictions of all permits and licenses of federal, state, and local government, including applicable agencies and departments and private and quasi governmental agencies having jurisdiction over the real property, including, but not limited to restrictions on construction of any areas delineated by government agencies as wetlands. (Parcels B & C).

5. Rights of the United States, State of Alabama, or other parties in and to the bed, shore, and waters of Hog Bayou, Alabama Power Company Canal, an unnamed canal running through the property described in Parcel B and Chickasaw Creek. (Parcels B & C).

6. Any portion of subject property which may be affected by accretion, reliction, erosion, and avulsion. (Parcels B & C).

7. Easement granted Alabama Power Company by Tennessee Coal, Iron and Railroad Company, dated August 16, 1949 and recorded in Deed Book 488, Page 491. (Parcel B).

8. Terms and provisions of that certain Agreement regarding discharge pipes, dated December 14, 1949 and recorded in Deed Book 493, Page 367. (Parcels B & C).

9. Title to minerals within and underlying the premises, together with all mining rights and other rights, privileges, and immunities relating thereto as recorded in Real Property Book 5595, Page 763, as affected by Affidavit recorded in Real Property Book 5595, Page 781 and Agreement recorded in Real Property Book 5595, Page 786, as amended by instrument recorded in Real Property Book 6112, Page 594. (Parcels B & C).

10. Perpetual right and easement for the improvement and maintenance of Chickasaw Creek granted the United States of America by Chickasaw Land Company, a corporation, and Chickasaw Shipbuilding

8

and Car Company, a corporation, dated December 28, 1933 and recorded in Deed Book 254, Page 136. (Parcels B & C).

11. No apparent dedicated means of ingress and egress. (Parcel C).

12. Easement for water drainage purposes and related facilities granted the City of Chickasaw, Alabama, a municipal corporation, by United States Steel Corporation, a Delaware corporation, successor (by conversion) to United States Steel LLC and remote successor to USX Corporation, to the City of Chickasaw, Alabama, a municipal corporation, dated December 13, 2010 and recorded in Real Property Book 6735, Page 1147. (Parcel B).

13. Terms and conditions of that certain Easement Agreement for Ingress, Egress, and Utilities by and between USX Corporation, a Delaware corporation, as Grantor, and Buchanan Lumber Mobile, Inc., an Alabama corporation, and William G. Buchanan, as Grantees, dated October 25, 1998 and recorded in Real Property Book 4640, Page 642, along with the rights of other parties in and to the use of said easement. (Parcel B).

14. Terms and provisions of that certain Contract by and between USX Corporation, a Delaware corporation, and Alabama Power Company, dated November 29, 1994 and recorded in Real Property Book 4230, Page 1817. (Parcel B).

15. Easement granted Coastal States Gas Transmission Company by the United States Steel Corporation, a Delaware corporation, dated January 7, 1986 and recorded in Real Property Book 2886, Page 894, as ratified by instrument recorded in Real Property Book 3454, Page 532, as affected by assignment to Belcher Refining Company, a Delaware corporation, by instrument recorded in Real Property Book 3192, Page 439, and further assigned to Coastal States Gas Transmission Company, a Delaware corporation, by instrument recorded in Real Property Book 3298, Page 676. (Parcel B).

16. Easement granted coastal States Gas Transmission Company, a/k/a Coastal States Gas Transmission Company, Inc., by United States Steel Corporation, dated February 19, 1986 and recorded in Real Property Book 2890, Page 464, as ratified by instrument recorded in Real Property Book 3454, Page 538, as affected by assignment to Belcher Refining Company, a Delaware corporation, by instrument recorded in Real Property Book 3192, Page 439, and further assigned to Coastal States Gas Transmission Company, a Delaware corporation, by instrument recorded in Real Property Book 3298, Page 676. (Parcel B).

17. Easement granted coastal States Gas Transmission Company, a/k/a Coastal States Gas Transmission Company, Inc., by Alabama Power Company, dated January 24, 1986 and recorded in Real Property Book 2886, Page 897, as ratified by instrument recorded in Real Property Book 3454, Page 535, as affected by assignment to Belcher Refining Company, a Delaware corporation, by instrument recorded in Real Property Book 3192, Page 439, and further assigned to Coastal States Gas Transmission Company, a Delaware corporation, by instrument recorded in Real Property Book 3298, Page 676. (Parcel B).

18. Easement granted Union Carbide Corporation, a corporation, by the United States Steel Corporation, a Delaware corporation, by Contract between said parties dated October 27, 1966 and recorded in Real Property Book 753, Page 839. (Parcel B).

19. Terms and provisions of that certain Indenture by and among Tennessee Land Company, Gulf Shipbuilding Corporation, and Alabama Power Company, dated October 3, 1941 and recorded

9

**Exhibit A to Order of Possession**

December 27, 1963 in Real Property Book 476, Page 511, as amended by Supplemental Indenture dated June 9, 1942 and recorded December 27, 1963 in Real Property Book 476, Page 525. (Parcel B).

20. Rights regarding the maintenance of canals and installation of fills and dams granted Southeastern Production Company by Chickasaw Land Company by unrecorded instrument dated January 24, 1929, as evidenced by deed dated December 31, 1937 and recorded in Deed Book 274, Page 170. (Parcel B).

21. Canal Easement granted the City of Chickasaw, Alabama, a municipal corporation, by USX Corporation, a Delaware corporation, as contained in Deed and Bill of Sale by and between said parties, dated February 9, 1993 and recorded in Real Property Book 4026, Page 1885. (Parcel B).

22. Any portion of the Property acquired through condemnation proceedings in Case styled Alabama Power Company vs. Willie White, et al, Probate Court Case No. 29,035, N.S., as evidenced by Lis Pendens Notice dated August 20, 1973 and recorded in Real Property Book 1277, Page 149.  (Parcel B).

23. Easement granted Mobile Gas Service Corporation by United States Steel Corporation, a Delaware corporation, by Contract between said parties dated November 11, 1977 and recorded in Real Property Book 1782, Page 54. (Parcel B).

24. Any portion of the Property affected by pipeline easements granted Union Carbide Corporation, a New York corporation, by instruments recorded in Real Property Book 753, Page 820; Real Property Book 753, Page 852; Real Property Book 753, Page 857; Real Property Book 753, Page 862; and Real Property Book 753, Page 867. (Parcel B).

25. Easement granted LL&E Petroleum Marketing, Inc., a Delaware corporation, by USX Corporation, a Delaware corporation, dated January 18, 1994 and recorded in Real Property Book 4135, Page 810, as affected by conveyance dated October 9, 1995 and recorded in Real Property Book 4313, Page 1225; as amended and restated by Easement Agreement dated July 12, 1996 and recorded in Real Property Book 4381, Page 631; and assigned to Shell Oil Company, a Delaware corporation, by instrument dated July 31, 1996 and recorded in Real Property Book 4419, Page 857. (Parcels B & C).

26. Easement granted Mobile Gas Service Corporation, an Alabama corporation, by USX Corporation, a Delaware corporation, dated November 4, 1994 and recorded in Real Property Book 4216, Page 1103. (Parcel B).

27. Terms and conditions of that certain letter by Arthur G. L. Borgh, Jr., Project Manager Southeast of USS Realty Development, a Division of United States Steel Corporation, to William Henderson of the Louisiana Land & Exploration Company regarding the installation and maintenance of a 10-inch product line and a 14-inch crude line, dated April 6, 1983, and recorded May 5, 1989 in Real Property Book 3419, Page 40. (Parcels B & C).

28. Easement granted Chickasaw Shipbuilding and Car Company by Chickasaw Land Company, dated July 1, 1921 and recorded in Deed Book 244, Page 340. (Parcels B & C).

29. Easement granted Chickasaw Utilities Company by Chickasaw Land Company, dated July 1, 1921 and recorded in Deed Book 245, Page 405. (Parcels B & C).

30. Easement granted Chickasaw Utilities Company by Chickasaw Shipbuilding and Car Company, dated July 1, 1921 and recorded in Deed Book 245, Page 408. (Parcels B & C).

4895-9623-1216.1

**Exhibit A to Order of Possession**

31. Easement granted Alabama Power Company by Tennessee Land Company, dated March 31, 1943 and recorded in Deed Book 338, Page 353. (Parcel B).

32. Pipeline easement granted Mobile Gas Service Corporation by Tennessee Land Company, dated September 22, 1942 and recorded in Deed Book 525, Page 176. (Parcel B).

33. Terms, provisions, and reservations as contained in that certain Indenture by and between Tennessee Land Company, a corporation, and Alabama Power Company, a corporation, dated August 17, 1939 and recorded in Deed Book 286, Page 663. (Parcel B).

34. Terms, provisions, and reservations as contained in that certain Indenture by and between Tennessee Land Company, a corporation, and Alabama Power Company, a corporation, regarding Alabama Power Company's right to construct, operate, and maintain electric power transmission lines and all telegraph and telephone lines, towers, poles, and appliances necessary or convenient in connection therewith, and Tennessee Land Company's right to install, maintain, and use railroad tracks, roads, waterways, etc. as long as they cause no interference with Alabama Power Company's right of way, dated October 10, 1940 and recorded in Deed Book 301, Page 106. (Parcel B).

35. Easement granted Phillips Petroleum Company, a Delaware corporation, by United States Steel Corporation, a Delaware corporation, dated December 3, 1974 and recorded in Real Property Book 1427, Page 199, as assigned to Mobile Gas Service Corporation, an Alabama corporation, by instrument dated January 20, 1989 and recorded in Real Property Book 3379, Page 67. (Parcel C).

36. Terms and conditions of that certain Contract by and between United States Steel Corporation, a Delaware corporation, and Phillips Petroleum Company, a Delaware corporation, dated April 25, 1975 and recorded in Real Property Book 3351, Page 208, as assigned to Mobile Gas Service Corporation, an Alabama corporation, by instrument dated January 20, 1989 and recorded in Real Property Book 3379, Page 67. (Parcel C).

37. Terms and provisions contained in that certain deed from Tennessee Land Company, a corporation organized and existing under the laws of the State of Alabama, to the United States of America, dated March 23, 1943 and recoded in Deed Book 337, Page 420. (Parcel C).

38. Agreement with respect to Surface and Subsurface Uses Red and Blue Cross Hatched Yellow Outline and Yellow Dots dated February 26th, 2004 minerals granted in Deed Book 5595, Page 763 and revised Agreement recorded in 2004038020.

39. Right of way to Alabama Power Company dated November 29, 1994 referred to in C&A 7820.

40. Right of way to Alabama Power Company dated November 22, 1949 referred to in C&A 4267.

41. Right of way to Alabama Power Company dated August 16th, 1949 referred to in C&A 4229.

42. Right of way to Alabama Power Company dated December 26th, 1975 referred to in C&A 4229-A.

43. Corrective Quitclaim Deed and Drainage Easement dated December 13th 2010 with the City of Chickasaw referred to in B-16660.

44. Quitclaim Deed dated September 14th 2010 to the City of Chickasaw referred to in B-16623.

45. Right of way to Alabama Power Company dated June 25th, 1953 referred to in B-13414.

4895-9623-1216.1

**Exhibit A to Order of Possession**

46. Right of way to Alabama Power Company dated August 17th, 1939 referred to in B-10218.

4895-9623-1216.1

**Exhibit A to Order of Possession**

### Real Estate Sales Validation Form

*This Document must be filed in accordance with Code of Alabama 1975, Section 40-22-1*

| Grantor's Name: | United States Steel Corporation | Grantee's Name: | William J. Ladnier |
|---|---|---|---|
| Mailing Address: | 600 Grant Street, Suite 1500 Pittsburgh, PA 15219 | Mailing Address: | 5720 Gulf Stream Road Biloxi, MS 39532 |
| Property Address: | | Date of Sale: | September _____, 2022 |
| Property Description: | Two parcels containing 142 acres, more or less, in Mobile County, AL | | Total Purchase Price: $1,435,560.00 $ 2,100,000⁰⁰ |

The purchase price or actual value claimed on this form can be verified in the following documentary evidence:   (check one) (Recordation of documentary evidence is not required):

| _____ | Bill of Sale | _____ | Appraisal |
|---|---|---|---|
| _____ | Sales Contract | _____ | Other: |
| X | Closing Statement | | |

If the conveyance document presented for recordation contains all of the required information referenced above, the filing of this form is not required.

### Instructions

Grantor's name and mailing address - provide the name of the person or persons conveying interest to property and their current mailing address.

Grantee's name and mailing address - provide the name of the person or persons to whom interest to property is being conveyed.

Property address - the physical address of the property being conveyed, if available.

Date of Sale - the date on which interest to the property was conveyed.

Total purchase price - the total amount paid for the purchase of the property, both real and personal, being conveyed by the instrument offered for record.

Actual value - if the property is not being sold, the true value of the property, both real and personal, being conveyed by the instrument offered for record. This may be evidenced by an appraisal conducted by a licensed appraiser or the assessor's current market value.

If no proof is provided and the value must be determined, the current estimate of fair market value, excluding current use valuation, of the property as determined by the local official charged with the responsibility of valuing property for property tax purposes will be used and the taxpayer will be penalized pursuant to Code of Alabama 1975 § 40-22-1 (h).

I attest, to the best of my knowledge and belief that the information contained in this document is true and accurate. I further understand that any false statements claimed on this form may result in the imposition of the penalty indicated in Code of Alabama 1975 § 40-22-1 (h).

Date:   September 22, 2022.

GRANTOR:
United States Steel Corporation

X  Unattested

By: _____
Name: Jammie P Cowden
Director – Real Estate

**Form RT-1**

4870-2171-4736.1           **Exhibit A to Order of Possession**

Inst. # 2022061900 Pages: 1 of 7  I certify this instrument filed on:  9/23/2022 2:29 PM
Doc: D Don Davis Judge of Probate Mobile County, AL Rec: $30.50 Filed 10/05/25 1 of 23    PageID#
Clerk: KROBINSON ERecorded                                                           3023

Case 1:23-cv-00202-TFM-N   Doc# 26-1   Filed 10/05/25   Min   Page 17 of 23

**Upon recording return this instrument to:**

Gulfstream Properties LLC
c/o William J. Ladnier
5720 Gulf Stream Road
Biloxi, MS 39532

**This instrument was prepared by:**

Christina M. Hinton
Counsel-Real Estate
United States Steel Corporation
Law Department
600 Grant Street, Room 1500
Pittsburgh, PA 15219

**Mail tax notice to:**

Gulfstream Properties LLC
c/o William J. Ladnier
5720 Gulf Stream Road
Biloxi, MS 39532

**STATE OF ALABAMA**      )
                          :
**COUNTY OF MOBILE**      )

## STATUTORY WARRANTY DEED

**KNOW ALL MEN BY THESE PRESENTS** that, effective as of May 16, 2022, for and in consideration of One Hundred Dollars ($100) in hand paid by **GULFSTREAM PROPERTIES LLC**, a Mississippi limited liability company (hereinafter referred to as "Grantee"), to the undersigned, **WARRIOR & GULF NAVIGATION, LLC**, a Delaware limited liability company (hereinafter referred to as "Grantor"), the receipt of which is hereby acknowledged, Grantor does by these presents grant, bargain, sell, and convey unto Grantee the following described land (the "Property") subject to the conditions and limitations contained herein, situated in Mobile County, Alabama, said Property being more particularly described on **EXHIBIT A** attached hereto and made a part hereof.

The Property is conveyed subject to the following (collectively, the "Permitted Encumbrances"):

1. Real estate ad valorem taxes due and payable October 1, 2022, and subsequent years and any other taxes, charges, or assessments of the levying jurisdictions.

2. Any applicable zoning ordinances and subdivision regulations, or other ordinances, laws, and regulations.

3. All easements, restrictions, reservations, rights-of-way and other matters of public record affecting any portion of the Property.

4. This conveyance is made upon the covenant and condition that no right of action for damages on account of injuries to the Property herein conveyed or to any buildings, improvements, structures, pipelines, or other sources of water supply now or hereafter located upon the Property, or to any owners or occupants or other persons in or upon the Property, resulting from sinkholes or other defects of the surface or subsurface of any nature affecting the Property or

4879-8391-4544.1

resulting from past mining and/or gas or oil producing operations of Grantor, or its successors, assigns, licensees, lessees, or contractors, or resulting from past blasting, past dewatering, or the past removal of coal, iron ore, gas, oil, coal bed methane gas and all other minerals or coal seam or other roof supports by Grantor, or its successors, assigns, licensees, lessees, or contractors, whether said mining and/or gas or oil producing operations be in the Property or other lands, shall ever accrue to or be asserted by Grantee herein or by Grantee's successors in title, this conveyance being made expressly subject to all such past or future injuries related to such past mining operations and this condition shall constitute a covenant running with the Property as against Grantee and all successors in title.

5.  The Property is conveyed to Grantee upon the covenant and condition that the Property shall not be used for any residential purpose whatsoever, whether single-family, multi-family residential or otherwise. The restriction in this section shall be a covenant running with the land for the benefit of Grantor.

6.  All of those matters described in **EXHIBIT B** attached hereto and made a part hereof.

As a condition of the conveyance hereunder, Grantee acknowledges that the physical and Environmental condition of the Property conveyed hereunder has been inspected by Grantee or its duly authorized agent and that the Property is purchased by Grantee as a result of such inspection and not upon any agreement, representation, or warranty made by Grantor. Grantee accepts the physical and environmental condition of the Property **"AS IS, WHERE IS, WITH ALL FAULTS"** and hereby releases Grantor from any liability of any nature arising from or in connection with the physical or environmental condition of the Property. This condition shall constitute a covenant running with the land as against Grantee and all successors in title.

No private right of action shall accrue with respect to the physical or environmental condition of the Property to any subsequent owner of the Property, whether by foreclosure or otherwise, due solely to the taking of title to the Property and, by taking such title, any such subsequent owner of the Property does thereby waive any and all right or claim against Grantor, Grantee, and their respective successors and assigns or any of them, for any costs, loss, damage, liability or expense such subsequent owner of the Property or its successors and assigns may incur as a result of the physical or environmental condition of the Property or the need or desirability to do any removal, corrective, or remediation work including, but not limited to, in connection with hazardous materials or waste pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, the Resources Conservation and Recovery Act, as amended, and all regulations thereunder or any similar laws or regulations enacted by the United States of America or the State of Alabama, or any agency or instrumentality of either.

**TO HAVE AND TO HOLD** unto Grantee and to Grantee's successors and assigns, forever, subject, however, to the Permitted Encumbrances.

*[Remainder of Page Left Intentionally Blank]*

2

4879-8391-4544.1

**Exhibit B to Order of Possession**

**IN WITNESS WHEREOF**, Grantor has caused these presents to be executed in its name and behalf and its seal to be hereunto affixed and attested by its duly authorized officers or representatives on this, the *16th* day of _____*May*_____, 2022.

<div align="center">

**GRANTOR:**

</div>

**WARRIOR & GULF NAVIGATION, LLC**, a
Delaware limited liability company

By: _____
Printed Name: _____*MATTHEW NEE*_____
Title: _____*PRESIDENT*_____

**STATE OF** *Pennsylvania*                )
                                                             :
**COUNTY OF** *Allegheny*              )

I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that *Matthew D. Nee*, whose name as _____*President*_____ of Warrior & Gulf Navigation, LLC, a Delaware limited liability company, is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that being informed of the contents of said instrument, he, in such capacity and with full authority, executed the same voluntarily for and as the act of said limited liability company.

Given under my hand and seal of office this, the *16th* day of _____*May*_____, 2022.

_____*Stephanie R. Kiser*_____
Notary Public

[SEAL]                                          My Commission Expires: _____*2/18/2026*_____

<div style="border:1px solid black">

Commonwealth of Pennsylvania - Notary Seal
Stephanie R. Kiser, Notary Public
Allegheny County
My commission expires February 18, 2026
Commission number 1281768

</div>

Member, Pennsylvania Association of Notaries

<div align="center">

3

</div>

<div align="center">

**Exhibit B to Order of Possession**

</div>

**EXHIBIT A**

**LEGAL DESCRIPTION OF WGN PROPERTY**

LEGAL DESCRIPTION
WARRIOR & GULF NAVIGATION PROPERTY
CHICKASAW, ALABAMA

Tract of land situated in the NE¼ of NW¼, the S½ of NW¼ and the N½ of SW¼ of Section 26, Township 3 South, Range 1 West of the St Stephens Meridian, Mobile County, Alabama and being more particularly described as follows:

**PARCEL A**

Commence at the NW corner of Section 26, Township 3 South, Range 1 West and run S89° 45' 00"E a distance of 1,148.15 feet, thence run S00° 15' 00"W a distance of 2,002.10 feet to the **POINT OF BEGINNING** of the herein described tract of land, thence run S73° 15' 00"E a distance of 147.45 feet, thence run N61° 50' 30"E a distance of 564.94 feet, thence run S89° 45' 00"E a distance of 97.62 feet, thence run N00° 15' 00"E a distance of 144.00 feet, thence run N89° 45' 00"W a distance of 295.06 feet, thence run N00° 15' 00"E a distance of 701.50 feet, thence run S89° 45' 00"E a distance of 568.39 feet, thence run S09° 19' 10"E a distance of 2,111.03 feet, thence run S05° 39' 53"W a distance of 696.46 feet to a point on the North line of a tract of land conveyed by United States Steel Corporation to International Paper Company (IPC) by deed dated November 8, 1963, thence run N89°45' 00"W along the North property line of said IPC property a distance of 1,300 feet, more or less, to a corner of said IPC property, thence run N00° 15' 00"E along the East property line of said IPC property, 1698.52 feet, more or less, to the **POINT OF BEGINNING**.

**PARCEL A** containing 66.0 acres, more or less.

4

4879-8391-4544.1

**Exhibit B to Order of Possession**

## EXHIBIT B

### Additional Permitted Encumbrances

NOTE: All references to documents or instruments recorded in a Deed Book or Real Property Book are references to the Deed Book and/or Real Property Books in the Office of the Judge of Probate of Mobile County, Alabama. All references to instruments recorded in C&A or B are references to the internal records of Grantor.

1. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting title that would be disclosed by a current accurate and complete survey or inspection of the Property, including but not limited to, liens, encumbrances, easements, claims of easements, rights-of-way, rights of access of others, utility lines, boundary line disputes, overlaps, gaps, gores, encroachments, public or private roads, highways, cemeteries, improvements, structures, and/or railroads. The term "encroachment" includes encroachments of existing improvements located on the Property onto adjoining land, and encroachments onto the Property of existing improvements located on adjoining land.

2. Any prior reservation or conveyance, together with release of damages, of minerals of every kind and character, including, but not limited to oil, gas, sand, limestone, and gravel in, on, and under the Property.

3. Any portion of subject property lying within the right of way of any public road, railroad, or utility.

4. Terms, conditions, provisions, and restrictions of all permits and licenses of federal, state, and local government, including applicable agencies and departments and private and quasi governmental agencies having jurisdiction over the real property, including, but not limited to restrictions on construction of any areas delineated by government agencies as wetlands.

5. Rights of the United States, State of Alabama, or other parties in and to the bed, shore, and waters of Hog Bayou, Alabama Power Company Canal, an unnamed canal, and Chickasaw Creek.

6. Any portion of subject property which may be affected by accretion, reliction, erosion, and avulsion.

7. Easement granted Alabama Power Company by Tennessee Coal, Iron and Railroad Company, dated August 16, 1949 and recorded in Deed Book 488, Page 491.

8. Terms and provisions of that certain Agreement regarding discharge pipes, dated December 14, 1949 and recorded in Deed Book 493, Page 367.

9. Title to minerals within and underlying the premises, together with all mining rights and other rights, privileges, and immunities relating thereto as recorded in Real Property Book 5595, Page 763, as affected by Affidavit recorded in Real Property Book 5595, Page 781 and Agreement recorded in Real Property Book 5595, Page 786, as amended by instrument recorded in Real Property Book 6112, Page 594.

10. Perpetual right and easement for the improvement and maintenance of Chickasaw Creek granted the United States of America by Chickasaw Land Company, a corporation, and Chickasaw Shipbuilding and Car Company, a corporation, dated December 28, 1933 and recorded in Deed Book 254, Page 136.

4879-8391-4544.1

**Exhibit B to Order of Possession**

11. Reservation of rights by Tennessee Land Company, a corporation organized under the laws of the State of Alabama, as set out in that certain deed to Warrior and gulf Navigation Company, a corporation, dated April 22, 1947 and recorded in Deed Book 427, Page 35.

12. Easement for water pipe line granted Alabama Water Service Company by Tennessee Land Company, dated December 5, 1940 and recorded in Deed Book 303, Page 552. Your attention is called to the terms of said easement regarding the placement of structures and procedure for relocation.

13. Easement for vehicular and pedestrian access for the purpose of enabling access to a drainage pumping station, canal, and discharge pipes, along with an easement for the purpose of maintaining, repairing, and replacing discharge pipes, granted the City of Chickasaw, Alabama, a municipal corporation, by Warrior & Gulf Navigation Company, a corporation, dated February 15, 1993 and recorded in Real Property Book 4026, Page 1877.

14. No apparent dedicated means of ingress and egress.

15. Agreement with respect to Surface and Subsurface Uses Red and Blue Cross Hatched Yellow Outline and Yellow Dots dated February 26th, 2004 minerals granted in Deed Book 5595, Page 763 and revised Agreement recorded in 2004038020.

16. Right of way to Alabama Power Company dated  November  29, 1994  referred to in C&A 7820.

17. Right of way to Alabama Power Company dated  November  22, 1949  referred to in C&A 4267.

18. Right of way to Alabama Power Company dated  August 16th, 1949  referred to in C&A 4229.

19. Right of way to Alabama Power Company dated  December 26th, 1975  referred to in C&A 4229-A.

20. Corrective Quitclaim Deed and Drainage Easement  dated December 13th 2010 with the City of Chickasaw referred to in B-16660.

21. Quitclaim Deed dated September 14th 2010 to the City of  Chickasaw  referred to in B-16623.

22. Right of way to Alabama Power Company dated June 25th, 1953 referred to in B-13414.

23. Right of way to Alabama Power Company dated August 17th, 1939 referred to in B-10218.

6

4879-8391-4544.1

**Exhibit B to Order of Possession**

**Real Estate Sales Validation Form**

*This Document must be filed in accordance with Code of Alabama 1975, Section 40-22-1*

| | | | |
|---|---|---|---|
| Grantor's Name: | Warrior & Gulf Navigation, LLC | Grantee's Name: | Gulfstream Properties LLC |
| Mailing Address: | 600 Grant Street, Suite 1500 Pittsburgh, PA 15219 | Mailing Address: | 5720 Gulf Stream Road Biloxi, MS 39532 |
| Property Address: | | Date of Sale: | September 23, 2022 |
| Property Description: | One parcel containing 66 acres, more or less, in Mobile County, AL | | Total Purchase Price: ~~$664,440.00~~ #100 00 |

The purchase price or actual value claimed on this form can be verified in the following documentary evidence:   (check one) (Recordation of documentary evidence is not required):

| _____ Bill of Sale | _____ Appraisal |
|---|---|
| _____ Sales Contract | _____ Other: |
| \_\_X\_\_ Closing Statement | |

If the conveyance document presented for recordation contains all of the required information referenced above, the filing of this form is not required.

---

**Instructions**

Grantor's name and mailing address - provide the name of the person or persons conveying interest to property and their current mailing address.

Grantee's name and mailing address - provide the name of the person or persons to whom interest to property is being conveyed.

Property address - the physical address of the property being conveyed, if available.

Date of Sale - the date on which interest to the property was conveyed.

Total purchase price - the total amount paid for the purchase of the property, both real and personal, being conveyed by the instrument offered for record.

Actual value - if the property is not being sold, the true value of the property, both real and personal, being conveyed by the instrument offered for record. This may be evidenced by an appraisal conducted by a licensed appraiser or the assessor's current market value.

If no proof is provided and the value must be determined, the current estimate of fair market value, excluding current use valuation, of the property as determined by the local official charged with the responsibility of valuing property for property tax purposes will be used and the taxpayer will be penalized pursuant to Code of Alabama 1975 § 40-22-1 (h).

I attest, to the best of my knowledge and belief that the information contained in this document is true and accurate. I further understand that any false statements claimed on this form may result in the imposition of the penalty indicated in Code of Alabama 1975 § 40-22-1 (h).

Date:    September 23, 2022.

\_X\_ Unattested

Printed Name: *Michael M. Fartain*

Signature: *Michael M. Fartain*
(Grantor/Grantee/Owner/Agent)

**Form RT-1**

4859-3270-3024.1